UNITED STATES COURT OF APPEALS
**Filed 5/7/96**
FOR THE TENTH CIRCUIT

SHELIA MAYFIELD,                                    )
                                                    )
    Plaintiff-Appellant,                           )
                                                    )
v.                                                  )    No. 95-6431
                                                    )  (D.C. No. CIV-95-178-C)
LARRY A. FIELDS, GARY PARSONS, MARY                 )    (W.D. Oklahoma)
PUNCHES, JACKIE BARNETT, MARTIN                     )
CONWAY, KATHY HALE, and DEBBIE                      )
BARBY,                                              )
                                                    )
    Defendants-Appellees.                          )

ORDER AND JUDGMENT[*]

Before **BRORBY, EBEL** and **HENRY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.

Plaintiff Shelia Mayfield brought this § 1983 action against Larry A. Fields, the Director of the Oklahoma Department of Corrections; Gary Parsons, the Regional Director; Mary Punches, the Warden of the William S. Key Correctional Center; correctional officers Martin Conway and Kathy

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Hale; former correctional officer Debbie Barby; and Sargent Jackie Barnett. The crux of Ms. Mayfield's complaint is that the defendants violated her Fourth Amendment rights by performing a strip search to determine whether she had contraband on her person before allowing her to visit an inmate at the correctional center.

The district court granted summary judgment in the defendants' favor on the following grounds: (1) Ms. Mayfield voluntarily signed a written "consent to search" form after going over the form with Sgt. Barnett; (2) the officers had reasonable suspicion to believe Ms. Mayfield was attempting to bring contraband into the correctional center based on information provided by a confidential informant; (3) the defendants had qualified immunity. The defendants also sought summary judgment on Eleventh Amendment grounds, but the district court found it unnecessary to reach this issue.

Ms. Mayfield now contends the district court erred in granting summary judgment in defendants' favor. We disagree. We have held that prison officials may perform a strip search as a precondition for allowing an individual to visit an inmate if they have reasonable suspicion the individual is attempting to bring contraband into the facility. *Romo v. Champion*, 46 F.3d 1013, 1020 (10th Cir.), *cert. denied*, 116 S. Ct. 387 (1995). If the officers had reasonable suspicion, it is irrelevant whether the individual validly consented to the search. *Id.* Here, the district court concluded, and we agree, that it is undisputed that (1) after visiting an inmate in January 1994, Ms. Mayfield was given a verbal warning because she had tried to bring contraband into the facility; and (2) a week before the strip search occurred, a confidential informant told correctional officer Conway

2

that Ms. Mayfield planned to bring contraband into the facility. Although it is disputed whether the confidential informant had or had not provided information in the past, this disputed factual issue is not material, and therefore does not preclude summary judgment. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) ("Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment"). In light of the undisputed evidence, we find no fault with the district court's conclusion the officers had reasonable suspicion that Ms. Mayfield was attempting to bring contraband into the facility. Given our conclusion, it is unnecessary to address Ms. Mayfield's remaining contentions.

**AFFIRMED.**

Entered for the Court:

**WADE BRORBY**
United States Circuit Judge